RECEIVED IN THE UNITED STATES DISTRICT COURT FOR THE

2017 MAR 30 P 1:21

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

DISTRICT OF

MIDDLE ALABAMA       3:17-cv-190-WKW

UNITED STATES OF AMERICA

Plaintiff-Respondent

Versus

VANESSA LEE CROWE
Defendant-Petitioner

MOTION IN SUPPORT OF
28 USC §2255

CRIMINAL CASE NO:

3:14-CR-408-02-JFD

Vanessa Lee Crowe # 15427-002
FCI-Tallahassee
501 NE Capital Circle Drive
Tallahassee, Florida

1

**ARGUMENT**
*THE PETITIONER WAS DENIED THEIR SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT THE PRETRIAL, AND TRIAL STAGE WHEN COUNSEL FAILED TO FILE VARIOUS MOTIONS AND RAISE APPROPRIATE ARGUMENTS.*

Under the Sixth Amendment of the Constitution of the United States, a person accused of a crime has the right to have the assistance of counsel for his defense. "It has[1] been held, however that the right to counsel must be more than just the right to have some attorney physically present with the accused at a criminal proceeding, as that in itself is insufficient to protect the accused rights; such a limited view would render the Sixth Amendment nothing more than an empty formality".

Instead, the right to counsel is regarded as implying a right to effective assistance by competent defense counsel; and if counsel's performance at a given proceeding is not up to reasonable professional standard, or if the judge, prosecutor, or others so interfere with the defense that counsel is unable to properly defend the accused interest, then the accused may have grounds for relief from a conviction, sentence, or other adverse decision which results from the proceedings. The right of an accused to effective assistance of counsel has been repeatedly

---

[1] Strickland v Washington (1984) 466 US 668

1

recognized in decisions of the Supreme Court where competency of defense counsel's representation has been called into question.

In determining whether the accused right to effective assistance of counsel have been so violated as to entitle them to relief, the Supreme Court has looked to a two prong test. First, that counsel was deficient in some specific way. Second, whether counsel's client was prejudiced by the deficiency.[2]

To meet the first prong of the test, the defendant must articulate the deficiency in counsel's performance. It is not enough for the defendant seeking relief from a sentence to identify the deficiency; they must also show and meet the requirements of the second prong of the test the prejudice prong. Under <u>Strickland v Washington</u> (1984), 466 US 668, 80 L Ed 2d 674, 104 S Ct 2052, in order to establish such prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

In determining whether counsel's assistance was reasonable effective under prevailing professional norms,

---

[2] <u>Strickland v Washington</u> (1984) 466 US 668, 80 L Ed 2d 674, 104 S. Ct 2052

2

considering all the circumstances; such judicial scrutiny of counsel's performance, the court stated, "must be highly deferential, avoiding hindsight and evaluating counsel's alleged misconduct from counsel's perspective at the time it occurred".[3] The Court in <u>McMann v Richardson</u> (1970) 397 US 759, 90 L Ed 2d 763, S ct 1441, held that defendant facing felony charges are entitled to the effective assistance of competent counsel.

In 1984 the Supreme Court rendered two decisions which further articulated the principle that the right to counsel is the right to the effective assistance of counsel. First, in <u>Strickland v Washington</u> (1984) 466 US 668, 80 L Ed 2d 674, 104 S Ct 2052, the Court held that the right to counsel guaranteed under the Sixth Amendment, is the right to the effective assistance of counsel, and that counsel can deprive a defendant of that right *simply by failing to render adequate legal assistance*.[4] The Second decision, the Supreme Court reaffirmed and explicated the same principle: In the <u>United States v Cronic</u> (1984) 466 US 648, 80 L Ed 2d

---

[3] <u>Strickland v Washington</u> (1984) 466US 668, 80 L Ed 2d 674, 104 S Ct 2052 (The benchmark must be whether counsel's conduct so undermined the functioning of the adversarial process that the trial cannot be relied on as having produced a just result).
[4] <u>Kimmelman v Morrison</u> (1986 US) 91 L Ed 2d 305, 106 S Ct 2574 (The accused is entitled to assistance of counsel by an attorney, whether retained or appointed who plays the role necessary to insure that the trial is fair). <u>Cuyler v Sullivan</u> (1980) 446 US 335, 64 L Ed 2d 333, 100 S Ct 1708; <u>Evitts v Lucey</u> (1985) 469 US 387, 83 L Ed 2d 821, 105 S Ct 830; <u>McCoy v Court of Appeals</u> (1988) 486 US 429, 100 L Ed 2d 291, 122 S Ct 1237; <u>Martel v Clair</u> (2012 US) 182 L Ed 2d 135, 132 S Ct 1276

3

657, 104 S Ct 2039, the Supreme Court noted that the Sixth Amendment requires not merely the provision of counsel, but "assistance" which is to be "***for his defense***", thus the core purpose of the counsel guaranty is to assure "assistance" at trial, when the accused is confronted with both the intricacies of the law and advocacy of the public prosecutor, and the Constitutional guaranty is violated if no actual assistance is provided. To hold otherwise, the Supreme Court found, could convert the appointment of counsel into a 'sham and nothing more than formal compliance with the requirement of the Constitution'.

The Supreme Court also addressed other aspects of criminal proceedings in <u>Missouri v Frye</u> (2012 US) 182 L Ed 2d 519, 132 S Ct 1399, the court addressed concerns that under the Sixth Amendment guarantees, a defendant rights to have counsel present at all <u>critical stages</u> of the criminal proceedings. Critical stages include arraignment, post indictment, interrogations, post- indictment line-ups, considerations of plea agreements and entries of guilty plea[5]. "There exist the right to counsel during sentencing,

---

[5] <u>Fontaine v United States</u> (1973) 411 US 213, 36 L Ed 2d 169, 93 S Ct 1461; <u>Strickland v Washington</u> (1984) 466 US 668, 80 L Ed 2d 674, 104 S Ct 2052; <u>Brady v Maryland</u> (1963) 373 US 83, 10 L Ed 2d 215, 83 S Ct 1194; <u>United States v Dominguez-Benitez</u> (2004 US) 159 L Ed 2d 157, 124 S Ct 2333 (The Supreme Court has decided that the application of Rule 11 of Federal Rules of Criminal Procedure which concerns pleas, may be challenged under 2255) <u>Blackledge v Allison</u> (1977) 431 US 63, 52 L Ed 2d 136, 97 S Ct 1621.

as even though sentencing does not concern guilt or innocence, ineffective assistance during sentencing hearing can result in prejudice". Lafler v Cooper (2012 US) 182 L Ed 2d 398, 132 S Ct 1376.

The Supreme Court elaborated the rule that criminal defendants in order to successfully assert claims that the performance of their attorney's violated their Constitutional right to effective assistance of counsel, must show that their representation by the attorney's was deficient in some particular respect; under Strickland v Washington (1984)466 US 668, 80 L Ed 2d 674, 104 S Ct 2052, the Court's benchmark established must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result; and the proper standard for evaluating attorney performance is whether counsel's assistance was reasonably effective under prevailing professional norms, considering all the circumstances.  The Supreme Court also held that judicial scrutiny of counsel's performance must be highly deferential, making every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Thus, the Supreme Court ruled, a

5

court evaluating a claim that counsel's assistance was actually ineffective must judge the reasonableness of counsel's challenged conduct against the facts of the particular case, viewed as of the time of the misconduct.

It will generally be appropriate, the Supreme Court stated, for a reviewing court to assess counsel's overall performance through the case in order to determine whether identified acts or omissions overcome the presumption of reasonable professional assistance.[6]

The Court observed in Murray v Carrier (1986 US) 91 L Ed 397, 106 S Ct 2639, that criminal defendant's right to effective assistance of counsel may, in a particular case, be violated by even an *isolated* error of counsel, if that error is sufficiently egregious and prejudicial. The error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal conviction.

---

[6] See also Mickens v Taylor (2002) 535 US 162, 152 L Ed 2d 291, 122 S Ct 1237; Bell v Cone (2002 US)152 L Ed 2D 914, 122 S Ct 1843; Wiggins v Smith (US) 156 L Ed 2d 471, 123 S Ct 2527 (held Claim, under Federal Constitution's Sixth Amendment, of ineffective assistance of counsel has two components, pursuant to first of which petitioner for relief from such alleged ineffectiveness must show that counsel's performance was deficient. Also, to establish deficient performance, petitioner must demonstrate that counsel's representation fell below objective standard of reasonableness); Yarborough v Gentry (2003) 540 US 1, 157 L Ed 2d 1, 124 S Ct 1 (Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with benefit of hindsight.) Holland v Jackson (2004 US) 159 L Ed 2d 683, 124 S Ct 2736; Florida v Nixon (2004) 543 US 175, 125 S Ct 551, 160 L Ed 2d 565 (Defense counsel has duty to discuss potential strategies with defendant); Strickland v Washington (1984) 466 US 668, 80 L Ed 2d 674, 104 S Ct 2052 (for purpose of determining whether accused has received ineffective assistance...look to norms of adequate investigation in preparing...)Wong v Belmontes (2009 US) 175 L Ed 2d 328, 130 S Ct 383; Porter v McCollum (2009 US) 175 L Ed 2d 398, 130 S Ct 447; Premo v Moore (2011 US) 131 S Ct 733, 178 L Ed 2d 649 (challengers burden is to show that counsel made errors so serious that counsel was not functioning as "counsel" guaranteed defendant by Federal Constitution's Sixth Amendment);Boyde v California (1990) 494 US 924, 109 L Ed 2d 322, 110 S Ct 1961; Wiggins v Smith (US) 156 L Ed 2d 471, 123 S Ct 2527 (Reasonable probability is probability sufficient to undermine the confidence in outcome.)

CLAIM FOR RELIEF
INEFFECTIVE ASSISTANCE OF COUNSEL, COUNSEL FAILED TO ENSURE THAT THE GOVERNMENT MET THE TERMS OF THE PLEA AGREEMENT, BY ADEQUATELY FILING A PROPER MOTION UNDER RULE 35 IN ACCORDANCE WITH THE PLEA AGREEMENT.

The defendant received ineffective assistance of counsel, when counsel failed to ensure that the government fulfilled the terms of the Plea Agreement. On October 29, 2014 the defendant pled guilty to Count 2 of the indictment under a binding plea agreement. However, contained within that plea agreement was a section covering Substantial Assistance To The Government. The defendant provided substantial assistance; she proffered, she agreed to testify, she was brought from federal prison to the county jail in preparation for trial in the case of William Thomas.

On February 8, 2017 the government filed a motion under Rule 35, requesting credit for the defendant's cooperation. However, the District Judge denied the Rule 35 because the government was not detailed enough about the defendant's cooperation, and subsequently dismissed the motion without prejudice. At that time, the defendant's attorney should have, but did not work with the government to provide a more detailed motion. Additionally, the defendant's counsel knew and made the US Marshals aware along with the government, that life was threatened because of her cooperation. The defendant was told to leave her home, until the government could secure her safety. At this point, her attorney has done nothing to contact the government and to correct the motion previously submitted to provide for the substantial assistance which she rendered. But for counsel's unprofessional errors the result of the procedings would have been different, the petitioner would have received a departure for her proffer, her agreement to testify at trial and sentencing, reducing her sentence.

7

## CLAIM FOR RELIEF
## THE GOVERNMENT BREACHED ITS PLEA AGREEMENT TERMS.

The government signed a plea agreement in which it agreed to reduce the defendant's sentence for cooperation. The government filed an inadequate motion which was denied. The governemnt did not make an attempt to correct his motion, include the details the judge was looking for, and file a new motion. This breaches the agreement the defendant had with the government.

A plea agreement must be construed in light of the fact that it constitutes a waiver of substantial constitutional rights requiring that the defendant be adequately warned of the consequences of the plea. A material promise by the government, which induces a defendant to plead guilty, binds the government to that promise. The government breaches that plea agreement when it fails to perform the promises on which the plea was based. The defendant entered into this plea agreement based on the governments promise, and the governments agreement to file a motion for substantial assistance reducing the defendant's sentence. This promise is part of the consideration and inducement to enter into this plea agreement. In this case, the government's motion was written unacceptably. This required the government to correct its motion and insert the details which the district court was requesting, then resubmit the motion. But the government was silent after the courts ruling. The government made no attempt to correct the motion. Thus, they have breached the plea agreement. The Eleventh Circuit position is that plea bargaining requires the defendant to wiave fundamental cosntitutional rights, the courts hold prosecutors engaging in plea bargaining to the most meticulous standards of both promise and performance.

In this case, the government breached its plea arrangement. The defendant fufilled her obligation to proffer, to testify at trial, and to testify at sentencing in the case of William Thomas. In the government's motion, the government should have but did not provide sufficient detail allowing the court to make a decision based on the cooperation.

But for the promise of the government, the defendant may have refused a plea agreement, and proceeded to trial.

ARGUMENT
## *THE PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AT HER SENTENCING HEARING.*

The Supreme Court address the aspect of sentencing hearings in Wong v Belmontes (2009 US), 175 L Ed 2d 328, 130 S Ct 383.  It held that a defendant to establish reasonable probability that a competent attorney, aware of available mitigating evidence, would have introduced it at sentencing, and that had a jury been confronted with this mitigating evidence, there is a reasonable probability that it would have returned a different sentence.  For purposes of the rule that a Federal criminal defendant in order to obtain relief for alleged violation of right to effective assistance of counsel under the Sixth Amendment must show that counsel's performance was deficient and that such performance prejudiced defense.  A defendant establishes prejudice where it is shown that (1) trial court erred in Federal Sentencing Guidelines (18 USCS Appx) determination, and (2) as a result of such error, about which counsel failed to argue, defendant's sentence was increased:  It is error to engraft onto prejudice branch of ineffective assistance test additional requirement that denies relief when increase in sentence is said to be not so significant as to render outcome of sentencing unreliable or fundamentally unfair;  on assumption that Federal trial

court, in sentencing defendant who was convicted of multiple offenses, erred in determining that some of offenses would not be grouped with others pursuant to § 3D1.2 of United States Sentencing Guidelines, defendant established prejudice where determination, about which defense counsel argue, allegedly increased defendant's prison sentence by at least 6 months and perhaps by 21 months. <u>Glover v United States</u> (2001) 531 US 198, 148 L Ed 2d 604, 121 S Ct 696.

## CLAIM FOR RELIEF

. Counsel for the petitioner's violated his Fifth and Sixth Amendment Right(s), to due process and to effective assistance of counsel at her sentencing hearing, when he incorrectly challenged errors in the PSR which enhanced the petitioner's sentence, he failed to identify the proper citation to authority, and support the position herein with proper case law resulting in a significant enhanced sentence.

Failed to argue for a minor role reduction and put forth a proper memorandum opposing the gun enhancement.

11

CLAIM FOR RELIEF
INEFFECTIVE ASSISTANCE OF COUNSEL AT SENTENCING.  COUNSEL FAILED TO
TO ARGUE MITIGATING FACTORS, AND TO OBJECT TO VARIOUS ENHANCEMENTS.

---

The night before sentencing, the defendants counsel advised the defendant that she would be sentenced to 14 years.  He based these comments "off the PSR and your substantial assistance."  This did not happen.  First, he should have but did not challenge the criminal history.  The statutes in the Alabama code, do not meet the elements of a controlled substance violation for simple possession.  Counsel was requested to review the applicability of the minor role adjustment, and to put forth a sentencing memo on the gun enhancement.  The court heard none of these arguments because defense counsel put forth NO defense- he was quite good at aquiescence!

**MINOR ROLE ADJUSTMENT**

The minor role adjustment fits squarely into the defendants acts and should have been raised at the time of sentencing as she requested her attorney to prepare.  In determining whether to apply a minor role adjustment, defense counsel needed to present certain information. He needed to outline the degree to whicht he defendant understood the scope and structure of the criminal activity; (ii) the degree to which the defendant participated in planning or organizing the criminal activity; (iii) the degree to which the defendant exercised decision-making authority or  influenced the exercise of decision-making authority; (iv) the nature and extent of the defendant's participation in the commision of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; (v) the degree to which the defendant stood to benefit from the criminal activity.

12

The information gleened from the PSR presents a clear argument for the defendant's counsel to argue for a minor role participant. But for counsel's unprofessional errors the result of the proceedings would have been different. The court would have heard argument supporting the mitigating role adjustment. The court would have heard that the defendant did not direct or instruct anyone on this case, she had no decision making authority, or had discretion over another, she did not share in the proceeds of the larger conspiracy, as William Thomas was the person who supplied and directed individuals, the court would have further heard that the defendant did not plan or organize the network or distribution cells. The court heard none of these arguments because of counsel's failure.

## GUN ENHANCEMENT

The USSG reads: The weapon enhancement under § 2D1.1(b)(1) should apply if the weapon was present unless it is clearly improbable that the weapon was connected with the offense. This enhancement is applicable if the defendant was engaged in drug transactions with the weapon. This was not the case. The gun had no relationship to drug transactions, and its mere presence does not speak to 'threats' or any relationship criminal activity. The court should have heard some argument from the defense, challenging the relationship of the gun to the drugs. But again counsel was silent. But for counsel's unprofessional errors the result of the proceeding would have been different. The defendant may not have received a two point enhancement making her a violent offender.

13

ARGUMENT
## *THE PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL WAS INFORMED HER WISHES TO PROSECUTE A DIRECT APPEAL, AND FAILED TO.*

In <u>Anders v California</u> (1967) 386 US 738, 18 L Ed 2d 493, 87 S Ct 1396, requirement of substantial quality and fair process can only be attained where court appointed counsel for a criminal defendant acts in the role of an active advocate on behalf of his client, as opposed to that of amicus curiae. The Court also noted that <u>Gideon v Wainwright</u> (1963) 372 US 335, 9 L Ed 2D 799, 83 S Ct 792. The Supreme Court has also held that Counsel's failure to take steps necessary to pursue an appeal violate the right to effective assistance of counsel and counsel failed if he improperly failed to raise the best issues and arguments.

### **CLAIM FOR RELIEF**

1) The defendant instructed her attorney to prosecute an appeal.
2) The defendant was sentenced on November 23, 2015.
3) The time for filing a notice of appeal expired on December 7, 2015.
4) No direct appeal was filed.
5) But for counsel's unprofessional errors the result of the proceeding would have been different, and the defendant would have taken a direct appeal.

14

## TIMING

The petitioner seeks to file this § 2255 under the provisions of Equitable tolling of the limitation period.

Federal courts have employed the "equitable tolling" doctrine to create a "grace period" for prisoners whose convictions became final but due to extraordinary circumstances the prisoner was unable to file the proper motion under § 2255 before the filing deadline. The courts have granted equitable tolling if some or all of the delay can be attributed to: judical actions or omissions; government interferance; actions or omissions of the prisoner's counsel; the prisoner's mental incompetence or the prisoner's lack of notice of the filing deadline.

In the instant case, a significant portion of the year immediately proceeding sentencing of the defendant, was spent in transit from prison to the county jail in preparation for testifying at the trial of William Thomas trial, spent in a state/county facility with no access to a federal law library. The petitioner did not enter federal custody until late January 2016. Between January 2016 and June 2016, she had believed her attorney filed a notice of appeal, and was preparing for an appeal. In June 2016 US Marshalls transferred her to the county jail in preparation for trial testimony of William Thomas. She remained at the county jail under November 2016. Much of the year was spent in transit and out of reach of a law library. She was not notified that a notice of appeal was not filed until June 2016, when she arrived at the county jail for testimony.

---

Miller v New Jersey, 145 F3d 616 (remanding to district court to determine whether prisoner's claim "that he was delayed in filing his petition because he was in transit between various institutions and did not have access to his legal documents.)

15

**SUMMARY**

Therefore the petitioner has presented arguments for violations of ineffective assistance and due process at various stages of the criminal proceeding. She has shown that Counsel has violated her constitutional right to a fair trial and fair proceedings. This motion is articulately stated and meets the two prong analysis of Strickland standard. Therefore she humbly ask this court to:

**ORDER her sentence to be VACATED** and obtain an immediate release; **and/or**

**APPOINT her Counsel** and allow them to prove their case; **and/or;**

**GRANT A CERTIFICATE OF APPEALABILITY for the various constitutional issues raised herein and/or;**

**ORDER AN EVIDENTIARY HEARING** and allow for the record to be fully developed.

Sincerely,

*Vanessa Lee Crowe*     3/27/17

Vanessa Lee Crowe # 15427-002
FCI- Tallahassee
501 Capital Circle, NE,
Tallahassee Florida 32301

16