IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

VANESSA LEE CROWE,                   )
                                     )
        Petitioner,                  )
                                     )        Civil Action No.
        v.                           )        3:17cv190-WKW
                                     )            [WO]
UNITED STATES OF AMERICA,            )
                                     )
        Respondent.                  )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Petitioner Vanessa Lee Crowe ("Crowe") is before the court on her motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  Civ. Doc. # 1.[1]

## I.   BACKGROUND

On October 29, 2014, Crowe pled guilty under a plea agreement to aiding and abetting the possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  Crim. Doc. # 123. The plea agreement contained a waiver of Crowe's right to appeal or collaterally attack her sentence except on grounds of ineffective assistance of counsel and prosecutorial misconduct.  Civ. Doc. # 5-2 at 5.  On November 23, 2015, the district court sentenced Crowe to 236 months in prison.  Crim.

---

[1] References to document numbers assigned by the Clerk of Court in the instant civil action, Civil Action No. 3:17cv190-WKW, are designated as "Civ. Doc. #."  References to document numbers assigned by the Clerk of Court in the underlying criminal case, Case No. 3:14cr408-WKW, are designated as "Crim. Doc. #."  Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

Doc. # 293.  Judgment was entered by the district court on December 7, 2015.  Crim. Doc. # 302.  Crowe did not appeal her conviction or sentence.

On February 8, 2017, the Government filed a motion for reduction in sentence under Rule 35(b) of the Federal Rules of Criminal Procedure in which it requested that Crowe's sentence be reduced by 30 months based on substantial assistance Crowe had provided to the Government.  Crim. Doc. # 457.  On April 3, 2017, the district court granted the Rule 35(b) motion and ordered that Crowe's sentence be reduced to a term of 206 months.  Crim. Doc. # 468.

On March 27, 2017, Crowe, acting *pro se*, filed this § 2255 motion[2] presenting claims that her counsel rendered ineffective assistance by (1) failing to ensure that the Government filed a Rule 35(b) motion for sentence reduction; (2) failing to argue at sentencing for a "minor role" adjustment to her offense level; (3) failing to argue against the two-level firearm enhancement applied at sentencing; and (4) failing to file an appeal after she asked him to do so.  Civ. Doc. # 1 at 4–8; Civ. Doc. # 2 at 8–15.

Crowe filed an amendment to her § 2255 motion in June 2019 presenting additional arguments supporting her claims that her counsel was ineffective for failing to argue against the firearm enhancement and failing to file an appeal.  Civ. Doc. # 12 at 6–9.

The Government argues that Crowe's § 2255 motion is time-barred under AEDPA's one-year limitation period, 28 U.S.C. § 2255(f), and that her claims are therefore not

---

[2] Although Crowe's motion was stamped "received" in this court on March 30, 2017, under the "prison mailbox rule," the court deems her motion filed on the date she says she placed it in the prison mailing system, March 27, 2017.  Civ. Doc. # 1 at 13.  *See Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

subject to review.  Civ. Doc. # 5 at 5–8; Civ. Doc. # 14 at 2–3.  Crowe, however, maintains that she is entitled to equitable tolling of the limitation period.  This court agrees with the Government that the § 2255 motion is untimely and finds Crowe has established no basis for equitable tolling.  Consequently, it is recommended that Crowe's § 2255 motion be denied without an evidentiary hearing and this case be dismissed with prejudice.

## II.  DISCUSSION

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which established a one-year limitation period for filing a motion under 28 U.S.C. § 2255. In pertinent part, AEDPA amended § 2255 to provide:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, the district court entered judgment in Crowe's case on December 7, 2015. Crowe did not appeal.  When a defendant does not appeal her conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires.

*Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). Under the Federal Rules of Appellate Procedure, Crowe had 14 days from the judgment of conviction to file an appeal. *See* Fed.R.App.P. 4(b)(1)(A). Therefore, her judgment of conviction became final 14 days after the district court's December 7, 2015 entry of judgment—that is, on December 21, 2015. Under 28 U.S.C. § 2255(f)(1), Crowe had until December 21, 2016, to file her § 2255 motion. She filed her § 2255 motion on March 27, 2017—96 days after expiration of AEDPA's limitation period. However, she argues she is entitled to equitable tolling and that this court should review the merits of her untimely motion. Civ. Doc. # 2 at 16; Civ. Doc. # 9-1 at 4–5.

### A.   Equitable Tolling

As grounds for equitable tolling, Crowe claims she could not file a timely § 2255 motion because she spent a "significant portion" of the time during the running of AEDPA's limitation period in transit between various state and federal jail facilities in preparation for testifying at the trial of one of her codefendants. Civ. Doc. # 2 at 16. Crowe maintains that, while in jail and during these transfers, she had limited time and limited access to legal resources, including adequate law libraries, for preparing a § 2255 motion. *Id.*; *see also* Civ. Doc. # 9-1 at 4–5.

The Supreme Court has held that the applicable limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). But the Court has noted "that a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649. The diligence

4

required is reasonable diligence, not "maximum feasible diligence," *id.* at 653, and the extraordinary circumstance prong requires a causal connection between the circumstance and the late filing. *San Martin v. McNeil*, 633 F. 3d 1257, 1267 (11th Cir. 2011). "[E]quitable tolling is an extraordinary remedy, . . . limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). "The petitioner bears the burden of showing that equitable tolling is warranted." *Id.*

According to Crowe, following her sentencing in November 2015, she was in a "state/county" facility, with "no access to a federal law library," until she was transferred to a federal facility in late December 2015 or early January 2016.[3]  Civ. Doc. # 2 at 16; Civ. Doc. # 9-1 at 4.  Crowe states that while she was in the federal facility, between January and June 2016, she believed her attorney had filed a notice of appeal and was preparing a direct appeal.  Civ. Doc. # 2 at 16.  Crowe states that on June 6, 2016, she was transferred to a county jail in Georgia, where she remained for one week before being transferred to Montgomery (Alabama) County Jail in preparation for her trial testimony against her codefendant.  *Id.*; Civ. Doc. # 9-1 at 4.  According to Crowe, when she arrived at the Montgomery County Jail in June 2016, she learned her attorney had not filed a notice of appeal.  Civ. Doc. # 2 at 16.  Crowe says she remained in the Montgomery County Jail for ten weeks, until being moved to Lee County (Alabama) Jail, and then back to the county

---

[3] There are minor discrepancies in the dates Crowe provides in her memorandum supporting her § 2255 motion (Civ. Doc. # 2) and the dates she provides in her "Motion Requesting Equitable Tolling/Response to the Government" (Civ. Doc. # 9-1).  Where Crowe provides specific dates, this Recommendation reconciles any discrepancies by using the more specific date.

jail in Georgia, where she remained for another two months.  Civ. Doc. # 9-1 at 4.  Crowe states that she "reached federal prison" on October 26, 2016.  *Id.*

As noted above, Crowe claims that during the transit period between state and federal facilities following her sentencing, she had limited time and limited access to legal resources and adequate law libraries, which she says prevented her from filing a timely § 2255 motion.  Civ. Doc. # 2 at 16; Civ. Doc. # 9-1 at 4–5.  However, in the Eleventh Circuit, routine transfers resulting in separation from legal papers, and lockdowns or confinement for a portion of the statutory period are generally not considered "extraordinary circumstances" for purposes of invoking equitable tolling.  *See Akins v. United States*, 204 F.3d 1086, 1089–90 (11th Cir. 2000) (holding that lockdown, during which petitioner lacked access to the law library, would not equitably toll the running of the limitation period because petitioner had adequate time to file a timely § 2255 motion when he was not in lockdown situation); *Dodd v. United States*, 365 F.3d 1273, 1282–83 (11th Cir. 2004) (finding equitable tolling was not appropriate where petitioner was transferred to a different facility and detained there for over ten months without access to his legal papers; "*Akins* suggests that lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances'") (citing *Akins*, 204 F.3d at 1089–90); *Paulcin v. McCollum*, 259 F. App'x 211, 213 (11th Cir. 2007) (denial of equitable tolling not abuse of discretion; lack of access to law library and legal papers for as much as ten months of one-year limitations period were not extraordinary, and petitioner failed to allege how lack of access thwarted his efforts to file a timely petition); *Hess v. Sec'y, Dep't of Corr.*, 2017 WL 6607169, at *2 (11th Cir. 2017) (finding that out-of-state

6

prison transfer did not constitute "extraordinary circumstance" warranting equitable tolling); *Miller v. Florida*, 307 F. App'x 366, 368 (11th Cir. 2009) ("even restricted access to a law library, lock-downs, and solitary confinement do not qualify as [extra]ordinary circumstances warranting equitable tolling").

Moreover, neither limited access to a prison law library nor an alleged inadequate prison law library establishes extraordinary circumstances that justify equitable tolling of the limitation period. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (inadequacies in prison law library did not warrant equitable tolling); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (*pro se* inmate's lack of legal resources failed to warrant equitable tolling).

Here, Crowe's transit period between state and federal facilities following her sentencing does not amount to an extraordinary circumstance for purposes of equitable tolling. Crow fails to allege specific facts indicting that her transfer between, and detention in, the state and federal facilities during this period was extraordinary or anything other than routine. Nor does she explain how any limited access to prison law libraries or alleged inadequacies in those law libraries thwarted her efforts to file a timely § 2255 motion. Crow therefore establishes no extraordinary circumstance entitling her to equitable tolling.

Further, assuming the truth of her factual allegations, Crowe had over five months between January and June 2016 during which she could have prepared and filed a timely § 2255 motion. Also, starting from mid-June 2016, Crowe had ten weeks in the Montgomery County Jail (where she says she learned her attorney had not filed a notice of appeal) during which she could have prepared and filed a timely § 2255 motion. She later

had two months in a Georgia county jail during which she could have prepared and filed a timely § 2255 motion.  And after that, starting from October 26, 2016, she had approximately seven more weeks during which she could have prepared and filed a timely § 2255 motion.  By Crowe's own allegations, even after she says she learned her attorney had not filed a notice of appeal, Crowe had a total of approximately 25 weeks during which she could have prepared and filed a timely § 2255 motion.  Consequently, the court also finds that Crowe fails to show that she acted with reasonable diligence in pursuing her rights.

Failing to demonstrate both the existence of extraordinary circumstances and that she acted with reasonable diligence,[4] Crowe is not entitled to equitable tolling of the limitation period.

### B.   Applicability of 28 U.S.C. § 2255(f)(4)

Section 2255(f)(4) of AEDPA states that a one-year limitation period may run from "the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence."  28 U.S.C. § 2255(f)(4).  The statute of limitations for § 2255 motions requires a claim-by-claim approach to determine timeliness.  *See Beeman v. United*, 871 F.3d 1215, 1219 (11th Cir. 2017).  Although Crowe does not address the applicability of the § 2255(f)(4) limitations period in her pleadings, the court does so here with specific regard to her claim that her counsel was ineffective for failing

---

[4] Crowe's failure to demonstrate extraordinary circumstances is sufficient to preclude equitable tolling in her case.  Thus, whether she could show reasonable diligence would not change the court's finding that equitable tolling is not warranted.  However, the court has addressed both prongs of the standard for equitable tolling set out in *Holland*, 560 U.S. at 649.

to file an appeal after she asked him to do so. This court does so because it finds that Crowe's assertion she did not discover her attorney had not filed a notice of appeal until June 2016 when she arrived at the Montgomery County Jail to prepare for her trial testimony against her codefendant (*see* Civ. Doc. # 2 at 16) could be construed as an argument that the § 2255(f)(4) limitations period should apply to this claim of ineffective assistance of counsel.

For purposes of § 2255(f)(4), the limitation period "begins to run when the facts could have been discovered through the exercise of due diligence, not when they were actually discovered." *Aron v. United States*, 291 F.3d 708, 711 (11th Cir. 2002). Crowe filed her § 2255 motion on March 27, 2017. She fails to demonstrate that, by acting with reasonable diligence, she could not have discovered well before March 26, 2016, that no appeal had been filed in her case. Crowe does not allege that she contacted this court or any court at any time following her November 23, 2015 sentencing hearing, at which she says she asked her counsel to file an appeal on her behalf. Nor does Crowe allege that she made any effort after sentencing to contact her counsel to confirm that an appeal had been filed or to ascertain the status of her appeal. Given that Crowe pled guilty under a plea agreement with a sentence waiver as to all claims except ones of ineffective assistance of counsel and prosecutorial misconduct, ordinary prudence would have dictated that, after first informing counsel at sentencing that she wished to appeal, she should not have waited long to contact counsel to confirm that a notice of appeal had been filed and to discuss with counsel the matters she wished to appeal. Certainly, reasonable diligence would have dictated that she attempt to contact counsel well before March 26, 2016 (i.e., one year

9

before she filed her § 2255 motion).  And if attempts to contact counsel were unsuccessful, reasonable diligence would have dictated that she attempt to contact the court to determine if an appeal had been filed.

There is every reason to believe that reasonably diligent action on Crowe's part would have revealed counsel's failure to file a notice an appeal more than one year before Crowe filed her § 2255 motion.  In the context of a claim that a requested appeal was not filed, due diligence requires a petitioner to timely take the simple step of contacting the court and requesting a docket sheet.  *See Anjulo-Lopez v. United States*, 541 F.3d 814, 819 (8th Cir. 2008) (affirming denial of § 2255 motion as untimely, despite claim of extended § 2255(f)(4) limitations period; "[t]hat an appeal had not been filed was a matter of public record.  And we think it clear from the face of the motion and record here that a duly diligent person in Anjulo-Lopez's circumstances could have unearthed that information any time after the deadline for filing the appeal passed.").

In *United States v. Larry*, 2010 WL 5651470, at *3 (N.D. Fla. 2010), a case involving an allegation that the petitioner's counsel failed to file a requested notice of appeal, the district court found that the petitioner failed to exercise due diligence when "he ma[de] no allegation that he made any effort to contact this Court or the Court of Appeals . . . to determine the status of his appeal" within the first seven months of his incarceration. The district court stated:

> Neither Defendant's ignorance of legal matters nor his transfers within the Bureau of Prisons constitute sufficient justification for failing to take such affirmative steps in addition to his unsuccessful efforts to contact his counsel. Indeed, the absence of any response from counsel . . . would have put a reasonable prisoner on notice that some other steps should be taken to

> determine the status of the appeal. With one letter or telephone call to the
> Clerk of this Court or to the presiding district judge, Defendant could have
> secured a copy of the docket sheet in this case and immediately known that
> a notice of appeal had not been filed.

*Larry*, 2010 WL 5651470, at *3. The district court in *Larry* also noted that "[i]n strikingly

similar circumstances, the Court has found that 62 days was sufficient time for a reasonably

diligent prisoner to determine whether his attorney had filed a notice of appeal. *United*

*States v. Thomas*, No. 4:01-cr-00069-SPM-AK, 2007 WL 624538, at *5 (N.D. Fla. Feb.22,

2007)." *Larry*, 2010 WL 5651470, at *3 n.1. In Crowe's case, March 26, 2016—one year

before Crowe filed her § 2255 motion—fell 124 days after her November 23, 2015

sentencing hearing. A reasonably diligent prisoner in Crowe's position would have sought

to determine whether her attorney had filed a notice of appeal well before 124 days had

passed.

In *Moore v. United States*, 438 F. App'x 445 (6th Cir. 2011), the petitioner claimed

he exercised due diligence in discovering his attorney's failure to file a requested notice of

appeal two months after the filing deadline and sought to excuse the delayed discovery

because "he spent part of the intervening . . . weeks in transit to his place of incarceration

and was unable to communicate with his attorney during this period[,] [and] his attorney

failed to answer several letters in which [the petitioner] inquired about the status of his

appeal." *Id*. at 447. The Sixth Circuit disagreed, finding that the petitioner's efforts

amounted to a failure to "diligently inquire[ ] into the status of appeal," and refused to

delay the start of the limitation period under § 2255(f)(4). *Id*. at 448.

11

Here, Crowe has failed to demonstrate that she exercised reasonable diligence in determining whether her counsel had filed the appeal she maintains that she wanted. Consequently, Crowe's claim that her counsel was ineffective for failing to file an appeal does not fall under the ambit of § 2255(f)(4), and the limitation period in § 2255(f)(1) controls this claim as well as the other claims in her § 2255 motion.[5]  Crowe's § 2255 motion is time-barred under AEDPA's one-year limitation period, and her claims are not subject to review.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Crowe be DENIED and this case DISMISSED with prejudice because the § 2255 motion is untimely under the limitation period in 28 U.S.C. § 2255(f).

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before January 27, 2020.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the

---

[5] The court notes that the provisions of § 2255(f)(2) and § 2255(f)(3) do not furnish safe harbor for Crowe by affording a different triggering date such that AEDPA's limitation period commenced on some date later than December 21, 2015, or expired on some date later than December 21, 2016.  There is no evidence that an unlawful governmental action impeded Crowe from filing a timely § 2255 motion, *see* 28 U.S.C. § 2255(f)(2), and Crowe presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," *see* 28 U.S.C. § 2255(f)(3).

Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc*., 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 13th day of January, 2020.


     /s/   Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

13